MIKE GOSSON, Plaintiff and Appellee, v. WM. WITT, Defend-, ant and Appellant.

**Contracts:** PERFORMANCE: CONSTRUCTION. Under a contract for the construction of a well to be lined with a six inch casing, but if impossible to carry that size casing to the bottom then a four and one-half inch casing should be used, the contractor was not entitled to compensation upon using a two inch gas pipe for a distance below the smaller casing.

**Same:** SUBSTANTIAL PERFORMANCE. By the use of the two inch gas pipe in the bottom of the well rather than the four and one-half inch casing, as provided in the contract, it appearing, that the gas pipe was constructed as a screen necessary to furnish sufficient water, that it was temporary and would soon require removal and replacement, a matter practically impossible at that depth; *held*, there was no substantial performance of the contract which would entitle plaintiff to recover.

*Appeal from Lyon District Court.*—HON. WM. HUTCHINSON, Judge.

THURSDAY, NOVEMBER 5, 1914.

AN action to foreclose a mechanic's lien on an account for constructing a well upon the premises of the defendant. There was a decree for the plaintiff for the full amount claimed, and the defendant appeals.—*Reversed.*

*S. D. Riniker* and *Simon Fisher*, for appellant.

*C. J. Miller*, for appellee.

EVANS, J.—The plaintiff constructed a well upon the defendant's premises. The work was done in pursuance of a written contract. This contract was entered into in May, 1911. Such contract contained the following provisions among others:

> It is further agreed between the parties hereto that the party of the first part in the construction of said well is to use six-inch standard gas pipe casing as deep as it is possible to use such pipe in the completion of said well, and to receive therefor the sum of $2.25 per foot; and in the event the six-inch standard gas pipe cannot be carried to the bottom of said well, or to a depth sufficient to construct a good well, then in that event the party of the first part may construct the remainder of said well with four and one-half-inch standard gas pipe as casing, and is to receive therefor the sum of $2 per foot.

The plaintiff's petition averred that he had complied with all the requirements of the contract. The substance of the answer was that the plaintiff had substantially failed to construct a well in accordance with the requirements of the contract, and that defendant had refused to accept the same, and had never made any use of the same. The plaintiff began his work in August, 1911. He constructed the well with a six-inch casing down for a distance of three hundred and sixty-eight feet. For a further distance of one hundred and fifty-five feet he constructed the same with a four and one-half-inch casing. This made a total length of casing of five hundred and twenty-three feet. Down to this point the well was an undoubted failure. Thereupon the plaintiff pushed the work to an additional depth of eighty-three feet, but did not extend the casing. At such depth of eighty-three feet abundance of water was found. Whether it was clear and free from sand

and mud is a disputed question. In lieu of casing for such eighty-three feet, the plaintiff put down a two-inch gas pipe. Portions of it were perforated and covered with wire gauze to act as a screen. The plaintiff claimed his compensation as for a depth of six hundred and six feet, and claimed $2 per foot for the eighty-three feet below the casing as well as for that above, and decree was awarded him accordingly.

We have no argument for the appellee. Two questions are presented by appellant for our consideration: (1) Was there such substantial compliance with the contract as to entitle the plaintiff to recover at all thereon? (2) If yes, was the plaintiff entitled to recover for the eighty-three feet below the casing?

I. Turning first to the second question, it seems clear to us that it must be answered in the negative. The contract clearly limits the assessment to $2.25 per foot for that part of the well lined with a six-inch casing, and to $2 per foot for such part thereof as shall be lined with a four and one-half-inch casing. If, therefore, the plaintiff was otherwise entitled to recover in any amount, the computation would necessarily be limited to the depth of the casing as stipulated by the contract.

1. CONTRACTS: performance: construction.

II. The more serious question in the case, however, is whether the plaintiff substantially complied with the contract, so as to be entitled to recover thereon in any amount. The amount involved is comparatively large, and we have read the evidence with much care. We are convinced therefrom that the lower eighty-three feet, in which the gas pipe has been inserted, is without practical value, and that it can only serve for a comparatively short time to furnish water to this well. The plaintiff calls the gas pipe a "screen." He admits, however, that he never before used or knew of the use of a screen of such length. His contention is that he found a vein of water near the upper end of such gas pipe and a larger one at the bottom, and that he deemed it necessary to utilize both veins

2. SAME: substantial performance.

in order to furnish the required amount of water. He therefore perforated and screened the gas pipe at both points, being about sixty feet apart. This contention is not consistent with the showing of his testimony—that the lower vein furnished a much greater quantity of water than required by the contract. The usual length of a screen, when used, is ten or twelve feet. Such an appliance frequently deteriorates or becomes clogged, and has to be removed and replaced. The longer the screen, the more difficult such operation, because the encircling earth presses and packs upon it, so as to render it practically immovable.

On behalf of the defendant it is shown that in that locality such pipe and screen will become useless in from three to five years, and that their removal and replacement will be practically an impossibility. On behalf of the plaintiff there is testimony that the life of such pipe might extend to fifteen years. The plaintiff as a witness expressed the opinion, also, that the pipe could be removed and replaced, if necessary. The method described by him involved the use of special appliances for that purpose. The method proposed would require the rimming out of the dirt surrounding the pipe, and thus removing the pressure therefrom. The plaintiff himself had no such special appliances, and they do not seem to be in ordinary use, or ordinarily available to the defendant. The plaintiff would not venture an estimate of the cost of such a performance. The testimony for the defendant tends to show that such a method would cost at least one-half of the original cost of the well.

We think the circumstances attending the construction of this well confirm the contention of the defendant. After the alleged completion of the well, the plaintiff undertook to test the same. According to his own testimony, the screen put in by him was twice broken by the pressure of the pump. The manner of repair is not indicated in the record. He continued his tests at intervals for four months. The water produced was full of sand and mud, so that the ''leathers'' of the pump

were cut and destroyed daily, and were as frequently replaced. Such condition of the water continued up to the forenoon of the last day of plaintiff's test. The plaintiff contends, however, that later in such day the water cleared up. Samples of the same were saved in a bottle and were produced in the trial below. These are not before us. We must assume that these samples were reasonably clear. It is the contention of the defendant that the water was full of sand and mud at all times.

It is not easily credible to us that there could have been so sudden a change without some apparent cause for it. In any event, it seems clear upon this record that the lower eighty-three feet and the gas pipe therein can serve only a temporary purpose. When its efficiency ceases it cannot be removed or replaced by any means reasonably available to defendant. Its use was not a compliance with the terms of the contract. The defendant was entitled to have the four and one-half-inch casing go down to the proper vein. This was essential to the permanency of the well. It was an express stipulation of the contract, and was its very substance. Not only so, but during the progress of the work the defendant objected to the substitution of the two-inch gas pipe, and insisted that the four and one-half-inch casing be put down. The plaintiff, according to his own testimony, offered to put down the four and one-half-inch casing if the defendant would waive the guaranty as to the quantity of water to be produced. It need not be said that the plaintiff had no right to attach such a condition to the performance of his work.

We see no escape from the conclusion that the plaintiff has not substantially complied with the requirements of his contract, and for such reason is not entitled to maintain this action. Whether he may hereafter finish his performance, and thus mature a cause of action, is a question not involved herein. The decree in his favor must be reversed, and his petition must be dismissed. It is so ordered.—*Reversed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concurring.